IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                  NO.  CR 04-1439 RB

LERIN M. JOINER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on three of Defendant's ("Mr. Joiner") motions: 1) a motion to redact the Indictment; 2) a motion to produce informant; and 3) a motion to suppress physical evidence and statements received during the execution of a search warrant at Mr. Joiner's residence.  For the following reasons, the Court will **GRANT** Mr. Joiner's motion to redact the Indictment and **DENY** both his motion to produce the informant and his motion to suppress.

**I. Motion to redact.**

With respect to Mr. Joiner's first motion, the Government did not oppose Mr. Joiner's offer to stipulate that he has previously been convicted of a felony within the meaning of 18 U.S.C. § 922 and does not object to removing any mention of Mr. Joiner's prior forgery conviction from the Indictment.  The Court, therefore, will GRANT his motion to redact.

**II. Motion to produce.**

The Court will DENY Mr. Joiner's motion to produce or identify the confidential informant who provided the information upon which the search warrant was obtained in this case.  The Government does not intend to call their informant as a witness at trial and production of the

informant themselves is not relevant to any evidence obtained from Mr. Joiner's residence because the informant did not witness any of the crimes Mr. Joiner is charged with. *Rovario v. United States*, 353 U.S. 60-61 (1957). Moreover, Mr. Joiner failed to meet his burden of showing that revealing the informant's identity would be helpful to his defense at trial. *Id.* at 61. The Court, therefore, DENIES Mr. Joiner's motion to produce the Government's informant in this case.

**III. Motion to suppress.**

Mr. Joiner urges the Court to suppress the crack cocaine, firearm, and ammunition seized from his residence because: i) there was no probable cause for issuing the search warrant; and ii) the police did not lawfully execute the search warrant.

First, probable cause existed for issuing the search warrant. Judge Quinn issued the warrant based on a sworn affidavit from a Clovis police agent who obtained information from a confidential informant. The Court determines if probable cause existed for issuing a search warrant in a federal prosecution by looking at the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In this case, the search warrant affidavit described a residence located at 701 Sheldon Street in Clovis, New Mexico. It also described an African-American male known as "LJ" (Mr. Joiner's initials) of roughly the same height and weight of Mr. Joiner. According to the affidavit, the informant told the affiant that he or she knew "LJ" sold crack cocaine from the Sheldon residence on three separate occasions within ten days prior to the date the affidavit was filed and had observed "LJ" sell crack cocaine from the residence again within 72 hours of the date the affidavit was filed. The confidential informant had provided police with accurate and reliable information in the past that led to the arrest of four defendants on felony drug charges and had no incentive to provide false information in the present case. Under the totality of circumstances, therefore, probable cause existed

for issuing the search warrant.

Second, the officers reasonably executed the search warrant under the totality of the circumstances. In *United States v. Banks*, 540 U.S. 31, 38 (2003), the Supreme Court held that 15-20 seconds after knocking was a reasonable time to wait before breaking down the door of a residence suspected of containing drugs. In addition, the knock and announce rule is subject to the exigent circumstances exception and the exigency is analyzed based on the information known to the officers at the time they executed the search warrant. *Id.*

In this case, police observed the car (a Cadillac) identified by the informant as belonging to "LJ" pull into the driveway at the Sheldon residence. They then observed a man matching "LJ's" description enter the house. They knocked on the door and announced their presence twice. After waiting 10-15 seconds, they broke in through the door and began to secure the residence. The Court has held that "if circumstances support a reasonable suspicion of exigency when the officers arrive at the door, they may go straight in." *Id.* at 37. The officers in this case had a reasonable suspicion that Mr. Joiner would destroy the drugs they were searching for if they did not enter after having waited 10-15 seconds from the time they knocked on the door without a response. The Supreme Court in *Banks* noted that "where the officers knocked and announced their presence, and forcibly entered after a reasonable suspicion of exigency had ripened, their entry satisfied § 3109 as well as the Fourth Amendment, even without refusal of admittance." *Id.* at 42. Similarly, the officers in this case knocked and announced and forcibly entered Mr. Joiner's residence after a reasonable suspicion of exigency had ripened. Their execution of the search warrant was reasonable under the totality of the circumstances. The Court therefore, DENIES Mr. Joiner's motion to suppress.

It is therefore ordered that Mr. Joiner's motion to redact is GRANTED. Mr. Joiner's motion to produce the informant and his motion to suppress, however, are hereby DENIED.

*Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**